693 A.2d 1157

Diana S. KIEREIN

v.

Thomas J. KIEREIN.

No. 1154, Sept. Term, 1996.

Court of Special Appeals of Maryland.

May 14, 1997.

450

Harvey B. Steinberg (Kevin G. Hessler and Miller, Steinberg & Hessler, on the brief), Rockville, for Appellant.

Maria A. Vacchio, Rockville, for Appellee.

Argued before MOYLAN, WENNER and HOLLANDER, JJ.

WENNER, Judge.

Diana Kierein has noted an appeal from an order of the Circuit Court for Montgomery County reducing her former husband's child support obligation, and denying her motion for attorney's fees. Appellee is Thomas J. Kierein, her former husband. On appeal, appellant raises the following issues:

I. Should the circuit court's order reducing child support be vacated and remanded because it fails to adhere to the admonitions furnished by this Court that when reviewing exceptions to a master's findings, the chancellor must address each exception and explain, with references to the record, how and why he resolved each exception?

II. To the extent the circuit court's determination of the exceptions is predicated upon a finding of a material change in circumstances, is reversal required because there is no evidence of any change in circumstances

that would a reduction in the amount of child support for the parties' two (2) remaining minor children?

III. Did the trial court, in deciding to reduce Mr. Kierein's child support obligation, fail to give the required weight to the provisions of the incorporated agreement between the parties concerning the appropriate amount of child support?

IV. Did the complete denial of any contribution to the attorney's fees incurred by Ms. Kierein in defending against Mr. Kierein's attempt to obtain reduction in his child support obligation, without any accompanying explanation or justification, constitute an abuse of discretion, especially when the husband's income is $13,300 per month, and the wife's income from employment is only $2,697 per month.

For reasons we will explain, we shall vacate the judgment of the circuit court and remand the case to that court for further proceedings consistent with this opinion.

### Facts

The parties were married on 31 October 1970, and three children were born to them: Nicole, who was emancipated on 19 June 1991; Sarah, who was emancipated on 22 November 1996; and Molly, who was born in 1980. In June of 1990, the marriage was ended by a judgment of divorce. Appellant was awarded custody of the children, subject to appellee's visitation rights.

The judgment of divorce incorporated, but did not merge, a settlement agreement containing, among other things, the following provisions:

a. That appellant have custody of the children.

b. That appellee pay 10% of his gross income per child as child support, with automatic increases, effective at the time of any actual increase in his income.

c. That appellee continue to pay child support through the 18th birthday of each child, provided, however, that appellee is required to continue to pay child support to

appellant for any child who "remains with the wife beyond her 18th birthday, and during that year becomes a full time student in good standing at any college or university . . ." until the child attains an undergraduate degree.

d. That appellee pay the tuition for each child to obtain a 4 year undergraduate degree.

e. That appellee pay to appellant non-modifiable, permanent alimony in the amount of 20% of his gross income, with automatic increases effective at the time of any increase in his income.

f. That appellee maintain the children on his hospitalization, medical and dental insurance so long as he is required to support them under the terms of the agreement of the parties.

g. That appellee pay all of the reasonable and necessary medical, dental, hospital and nursing expenses for the children, including the costs of medicine, drugs and therapeutic devises, as long as he is obligated to pay child support.

Following a 22 March 1996 hearing, a domestic relations master recommended that appellee's monthly child support be reduced. Appellant responded with numerous exceptions. After oral argument, the trial court reduced appellee's monthly child support to $1,392.00, and denied appellant's request for attorney's fees. This appeal followed.

## Standard of Review

Appellate discipline mandates that, absent a clear abuse of discretion, a chancellor's decision that is grounded in law and based upon facts that are not clearly erroneous will not be disturbed. Where the findings are supported by evidence and therefore not clearly erroneous, the trial judge is left with discretion to determine the proper disposition of the case.

*Bagley v. Bagley,* 98 Md.App. 18, 31–32, 632 A.2d 229 (1993) (citations omitted).

## I.

Appellant initially claims the order should be vacated and the case remanded because it neither addresses nor explains the denial of each of her exceptions. The trial court's order reads, in relevant part, as follows:

The Plaintiff filed exceptions and further argument was heard before this member of the Court on June 17, 1996. The Court subsequently reviewed the transcript of the proceedings before Master Trimm of March 22, 1996. This Court in its independent determination, based upon the aforementioned review of all of the evidence, adopts the findings and recommendations of Master Trimm.

As we said earlier, appellee's monthly child support was reduced to the master's recommended $1,392.00, and the parties' requests for counsel fees were denied.

Exceptions to the recommendations of a master warrant an independent consideration by the trial court. The trial court may consider additional testimony or independently consider the report and recommendations of the master. The trial court "should defer to the fact-finding of the master where the fact-finding is supported by credible evidence, and is not, therefore, clearly erroneous." *Wenger v. Wenger,* 42 Md.App. 596, 602, 402 A.2d 94 (1979). In doing so, however, the trial court must always independently determine what to make of those facts. In other words, the trial court may not defer to the master as to the ultimate disposition of the case.

The ultimate conclusions and recommendations of the master are not simply to be tested against the clearly erroneous standard, and if found to be supported by evidence of record, automatically accepted. That the conclusions and recommendations of the master are well supported by the evidence is not dispositive if the independent exercise of judgment by the chancellor on those issues would produce a different result.

*Domingues v. Johnson,* 323 Md. 486, 491–92, 593 A.2d 1133 (1991).

■ At this point, we point out that at least two levels of factfinding have been recognized. First-level fact finding "is that level—or all those levels—of fact finding that do not resolve legal issues in the case and that are, therefore, indisputably eligible for the 'clearly erroneous' standard of review." *State v. Jones*, 103 Md.App. 548, 583, 653 A.2d 1040 (1995). Second-level fact finding, however, "connotes that conclusory or dispositional fact finding that has ultimate legal significance—the mixed question of law and fact...." *Id.*

■ Keeping that distinction in mind, Maryland's appellate courts have concluded that, when faced with exceptions to the master's findings of fact, the trial court must exercise its independent judgment, "consider the allegations[,] and decide each such question." *Bagley*, 98 Md.App. at 30, 632 A.2d 229.[1] The judge "should, in an oral or written opinion, state how he resolved those challenges. Having determined which facts are properly before him, and utilizing accepted principles of law, the chancellor must exercise independent judgment to determine the proper result." *Domingues*, 323 Md. at 496, 593 A.2d 1133, *quoted in Bagley*, 98 Md.App. at 30, 632 A.2d 229. The trial court is faced with this responsibility when considering exceptions to a master's first or second-level fact finding. *Kirchner v. Caughey*, 326 Md. 567, 572, 606 A.2d 257 (1992). As the Court of Appeals said in Kirchner, "the written or oral opinion of the chancellor should address ... the issues relating to the conclusions to be drawn from the facts found" in addition to addressing the issues surrounding challenges to a master's finding of fact. *Id.* Moreover, "the chancellor's opinion should reflect consideration of the relevant issues and

---

1. "As we have attempted to make painfully clear, the burden cast upon a chancellor in a case of this kind is substantial. The necessity that the chancellor rule on challenges to findings of fact which may involve testimony spread throughout hundred of pages of transcript, the difficulty of making a decision as to the best interest of a child without personally observing the witnesses, and the critical nature of the decision that must be made, as well as the wide discretion that is necessarily afforded that decision by the appellate courts, all speak to the care and attention that must be given by a chancellor."
*Domingues*, 323 Md. at 497, 593 A.2d 1133.

the reasoning supporting the chancellor's independent decisions on those issues. . . ." *Id.* at 573, 606 A.2d 257.

Although several of the master's first-level findings of fact are challenged by appellant, most of appellant's exceptions challenge the conclusions drawn from the facts. Appellant principally challenges the master's conclusion that certain expenses were not appropriately attributed to the children and were not therefore included in calculating appellee's child support.[2]

 Our problem with the order is that it fails to reflect the trial court's "consideration of the relevant issues and reasoning supporting [its] independent decisions on those issues," *Bagley*, 98 Md.App. at 32, 632 A.2d 229, other than stating that it "reviewed the transcript of the proceedings before Master Trimm . . . and based upon the aforementioned review of all of the evidence, adopts the findings and recommendations of Master Trimm." We hasten to add, however, that we do not mean to imply that a trial court must give a

---

2. In an attempt to discern appellant's specific exceptions, we note that often the same issues were challenged in separate areas of appellant's fifteen pages of exceptions. Hence, we have organized the numbered exceptions by category.

| | |
|---|---|
| Children's necessities | 4, 23 |
| Repairs and Replacement expenses | 5, 13, 15, 16, 18, 20 |
| Dental and medical expenses | 6, 10, 17 |
| Children's recreation expenses | 7, 9, 23 |
| Incidental expenses | 8, 12, 23 |
| Periodic payments | 11 |
| Husband's expenses | 14, 25 |
| College payments by each party | 18.5 (Incorrectly labeled number 16.) |
| Appellant's boyfriend's contribution | 19 |
| No change in circumstances | 26–29 |

In the following exceptions, appellant challenges the application of the law and the conclusions drawn by the master:

| | |
|---|---|
| Failure to implement parties' agreement | 30, 33 |
| Change in circumstances | 1, 2, 3 |
| Children entitled to benefit from increases in parents' wealth | 22, 23, 31, 32 |

litany of its reasons for accepting and adopting the fact finding, conclusions, and recommendations of a master. Additionally, once challenges to fact finding have been resolved, if it is apparent from the record that the exercise of discretion to resolve the ultimate issue was done independently, after a consideration of appropriate factors, and if the disposition is supported by the record, the specificity required for resolving challenges to fact finding is not necessarily required to explain the exercise of that discretion. It is only necessary for an appellate court to be able to determine if the trial court abused its discretion. Nor do we express any opinion as to the merits of the exceptions. Nonetheless,

> [l]itigants ... in all judicial proceedings [ ] are entitled to have their cause determined ultimately by a duly qualified judge of a court of competent jurisdiction.... While the system of resorting to Masters is one of long standing and undoubtedly has salutary effects resulting in the more expeditious dispatch of the judicial process, the system cannot supplant the ultimate role of judges in the judicial process itself.

*Domingues v. Johnson,* 323 Md. at 492, 593 A.2d 1133.

Therefore, we shall vacate the order and remand the case for further proceedings consistent with this opinion.

## II.

■ According to appellant, the trial court also erred to the extent it found a sufficient change in circumstances to warrant reducing appellee's monthly child support. Family Law (FL) § 12-104(a) provides that a trial court may modify child support only upon a "material" change in circumstances, needs, and pecuniary condition of the parties from the time the court last had an opportunity to consider the issue. *See Langrall v. Langrall,* 145 Md. 340, 344–45, 125 A. 695 (1924). This is a threshold question before modifying a party's child support. *Wills v. Jones,* 340 Md. 480, 489, 667 A.2d 331 (1995); *see Lieberman v. Lieberman,* 81 Md.App. 575, 595, 568 A.2d 1157 (1990).

In fact, appellee's annual income has increased from $109,-000 to $150,000, and appellant's annual income has increased from $10,000 to $32,000.[3] In addition to appellant attending law school, there have been other significant changes in their living arrangements and the emancipation of two of the children. Moreover, we note that the parties entered into an agreement as to child support prior to adoption of the child support guidelines on 10 April 1990. According to FL § 12–202(b), "the adoption of the guidelines set forth in this subtitle may be grounds for requesting a modification of a child support award based on a change in circumstances." Although the combined income of the parties exceeds the range of incomes set forth in § 12–204(e), in exercising its discretion under FL § 12–204(d) the trial court should implement the "principles from which the schedule was derived."[4] *Voishan v. Palma*, 327 Md. 318, 331, 609 A.2d 319 (1992).

Although aware of these changes, we are unable to glean from the order what, if any, material changes resulted in the trial court's determination to reduce appellee's monthly child support. While we do not mean to suggest disapproval of this result, since the trial court must independently determine the issues, we shall vacate the order and remand to the circuit court for further proceedings consistent with this opinion.

## III.

Appellant also contends the trial court erred in failing to give appropriate weight to the provisions of their agreement concerning child support. According to the agreement, appellee is required to pay 10% of his gross monthly income for the

---

**3.** Despite a considerable increase in income, appellee has continued to reside in a small efficiency apartment. While two of his three daughters have attained the age of majority, such living arrangements have afforded and continue to afford precious little space for overnight visits.

**4.** FL § 12–204(d) (1991 Repl.Vol. & 1996 Supp.) provides that "If the combined adjusted actual income exceeds the highest level specified in the schedule in subsection (e) of this section, the court may use its discretion in setting the amount of child support."

support of each minor child, until each graduates from college, or reaches the age of 18 and is not enrolled full-time in college. Therefore, appellee paid as much as 30% of his gross income for child support plus 20% of his gross income in alimony.

FL § 8–103(a) provides that the "Court may modify any provisions of a deed, agreement, or settlement with respect to the care, custody, education or support of any minor child of the spouses, if the modification would be in the best interests of the child." "That does not mean, however, that the agreement between the parents is meaningless or that it may be casually disregarded as the court searches elsewhere for what is in the best interests of the child." *Ruppert v. Fish,* 84 Md.App. 665, 674–75, 581 A.2d 828 (1990). "[T]he court should presume ... at least in the absence of compelling evidence to the contrary, that the decision or resolution reached agreeably by the parents is in the best interest of the child." *Id.*

Again, the trial court's order does not explain the court's independent determination of this issue. As we have said, the trial court must do more then exclaim that, after familiarizing itself with the transcript of the hearing before the master, it agrees with and adopts the master's findings and recommendations. Upon remand, the trial court must appropriately consider this issue.

## IV.

Appellant finally complains that, as appellee's monthly income is $13,300 as compared to her monthly income of $2,697, the trial court erred in not awarding her counsel fees.

FL § 12–103(a)(1) provides that "[t]he court may award to either party the costs and counsel fees that are just and proper ... in any case in which a person ... applies for a modification of a decree concerning the custody, support, or visitation of a child of the parties...."

"Before a court may award costs and counsel fees under this section, the court shall consider: (1) the financial status of each party; (2) the needs of each party; and (3) whether there

was substantial justification for bringing, maintaining, or defending the proceeding." FL § 12–103(b). "Upon a finding by the court that there was an absence of substantial justification of a party for prosecuting or defending the proceeding, and absent a finding by the court of good cause to the contrary, the court shall award to the other party costs and counsel fees." FL § 12–103(c).

We said in *Lieberman, supra,* 81 Md.App. 575, 601, 568 A.2d 1157, that ordering the husband to contribute $5,000 to the wife's counsel fees of $14,769.50 "could be deemed arbitrary." We remanded the case because, as here, the trial court did not explain his award of $5,000. As in *Lieberman,* we recognize the discretion afforded trial courts in awarding counsel fees; we wish, however, to make it clear that "[i]n exercising his or her discretion, the trial judge must consider and balance the required considerations as articulated by the Legislature in § 12–103 . . . ." *Id.*

Considering their disparate incomes, we shall remand the case for the trial court to consider the factors in FL § 12–103 and articulate its basis for denying counsel fees.

**JUDGMENT VACATED. CASE REMANDED TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY APPELLEE.**