*Elvis Okafor v. Rosemary Ojih*, No. 1131, Sept. Term, 2025. Opinion filed on January 30, 2026, by Wells, C.J.

**FAMILY LAW – EXCEPTIONS – INDIGENCY**

Under Maryland Rule 9-208(g), a party filing exceptions to a family magistrate's findings and conclusions must: (1) order a transcript of as much testimony as is necessary for the judge to rule on the exceptions, make a payment agreement to ensure the transcript is prepared, and file a certificate of compliance stating that the transcript has been ordered and the agreement has been made, or (2) file a certification stating that no transcript is necessary to rule on the exceptions, or (3) file an agreed statement of facts instead of a transcript, or (4) file an affidavit of indigency along with a motion asking the court to accept an electronic recording of the proceedings in place of a transcript. Rule 9-208(g)(4) further requires that if the court denies the request to use the electronic recording, the requesting party has 10 days to request, obtain, and pay for as much of the transcript testimony as is necessary to rule on the exceptions, or risk a dismissal.

In this case, the appellant (Father) seemingly complied with 9-208(g) by filing an affidavit of indigency and a motion to accept the electronic recording instead of a transcript. The court stated that Father did not comply with 9-208(g) as he had not completed "a transcript request form." Rule 9-208(g) does not, however, require the requesting party to complete a "transcript request form."

**FAMILY LAW – MAGISTRATE'S FINDINGS – EXCEPTIONS**

Maryland case law establishes that where a magistrate's findings and recommendations are supported by the evidence in the record and not clearly erroneous, the trial court has discretion to determine the proper disposition of the case. Moreover, when considering exceptions to the magistrate's findings and recommendations, the trial court must make its own independent assessment of the issues raised by the requesting party.

In this case, the court properly deferred to the fact-finding in the magistrate's detailed report. The court then, in its own written findings and order on the exceptions motion, properly made an independent assessment of the evidence considering Father's exceptions and submitted its findings in an order. Accordingly, the court did not abuse its discretion in overruling Father's exceptions.

Circuit Court for Baltimore County
Case No. C-03-FM-23-004894

ELVIS OKAFOR

v.

ROSEMARY OJIH

Wells, C.J.,
Leahy,
Harrell, Glenn T., Jr.
   (Senior Judge, Specially Assigned),

JJ.

Opinion by Wells, C.J.

Filed: January 30, 2026

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

Appellant Elvis Okafor (hereafter, "Father") appeals from a decision of the Circuit Court for Baltimore County which overruled Father's exceptions to a magistrate's recommendation that appellee Rosemary Ojih (hereafter, "Mother") be awarded sole legal and primary physical custody of the parties' minor child and recommended Father pay child support. The court ratified the recommendations and issued an order of court.

Father filed a timely appeal. In an informal brief, he takes issue with the magistrate's factual findings and attempts to introduce additional evidence, or reiterate existing evidence, about his ability to parent the child and his inability to pay the court ordered child support. Mother did not file a brief. For the reasons that follow, we perceive no abuse of discretion and affirm.

## BACKGROUND

According to her complaint for custody, Mother and Father had a romantic relationship and never married.[1] One daughter was born from their relationship, who, at the time of Mother's complaint for custody, was not quite eleven years old. Mother requested sole legal and physical custody and for Father to pay child support. Father was eventually served, and he filed an Answer. The parties reached an agreement resulting in a temporary order granting Mother sole physical custody of the minor child with Father having access at specified times on alternating Sundays.

---

[1] The magistrate's written Report and Recommendations states the parties took part in a "traditional marriage" in Nigeria. It does not seem from the parties' actions or any court findings that this was a legally binding event, but we are not certain.

After the temporary order was granted, Father, who has represented himself throughout these proceedings, filed a complaint for custody. In it, he alleged "co-parenting was not the best option for [the child] because of mother's irrational and unpredictable behavior . . . ." He requested sole legal and physical custody as well as any other appropriate relief. Both complaints were set for a hearing before a family law magistrate.

We do not have an audio recording or transcript of the magistrate's hearing, but we do have her Report and Recommendations. In that 12-page, single-spaced report, the magistrate details the testimony of both parties while examining each of the "best interests" of the child factors articulated in *Taylor v. Taylor*, 306 Md. 290 (1986) and *Montgomery Cnty. Dept. of Soc. Servs. v. Sanders*, 38 Md. App. 406 (1977). Notable among the magistrate's recitation of the evidence was that Father and Mother separated shortly after the birth of the child. Father went to Nigeria and Mother stayed in the United States with the child. The couple apparently had sporadic contact and lived together for six years until Mother moved out, causing Mother to then have almost exclusive custody of the child. The parents had conflicting testimony over how active each was in the child's upbringing. Mother testified she was the exclusive caregiver, and Father was in-and-out of the child's life. Father, on the other hand, testified he was an active presence until Mother moved out when the child was 6 years old. Father also claimed that part of the reason he had limited contact with the child was because of a protective order Mother had obtained against him. Despite this, Father admitted Mother was a "good woman" and "a good mother." However, he still requested custody because he felt the child should live with him. The magistrate

also examined each of the so-called *Taylor* factors for the best interest of the child in her report.

The magistrate recommended Mother have sole legal and physical custody. Father was to have phased-in visitation that would increase over time, including telephone contact and in-person visitation with specific milestones he had to meet before the next phase of visitation would begin. Each party was to have equal access to the child's school, medical, and daycare records, among other things. As Mother and Father were both employed with incomes, Father was to pay child support consistent with the Child Support Guidelines. The magistrate filed a child support worksheet with her report.

Father filed exceptions to the magistrate's report and recommendations. Because he claimed indigency, he filed an affidavit of indigency and a written request to use the electronic recording of the hearing before the magistrate under Rule 9-208(g), rather than pay for a written transcript.

At the hearing before a circuit court judge on Father's exceptions, the court noted that Father had not fully complied with Rule 9-208(g) in that he had not completed a form requesting the electronic recording. The court heard from Father who briefly stated that he excepted to the magistrate's recommendation that Mother have sole legal and physical custody because Mother "has made unwise decision[s] in the past. . . ." He admitted this issue was addressed at the magistrate's hearing. He also admitted he had not filed a financial statement. Mother's attorney stated that Father simply disagreed with the magistrate's findings and did not raise an error of law. The court agreed with Mother's counsel and issued a written order overruling the exceptions and ratifying the magistrate's

3

recommendations as a court order. That same day, Father moved for reconsideration. The court denied his request and Father then appealed to this Court.

## DISCUSSION

"Appellate discipline mandates that, absent a clear abuse of discretion, a chancellor's decision that is grounded in law and based upon facts that are not clearly erroneous will not be disturbed. Where the findings are supported by evidence and therefore not clearly erroneous, the trial judge is left with discretion to determine the proper disposition of the case." *Bagley v. Bagley*, 98 Md. App. 18, 31–32 (1993) (citations omitted).

In *Kierein v. Kierein*, 115 Md. App. 448, 453 (1997), we discussed that when considering exceptions to a magistrate's recommendations, the circuit court must exercise its independent judgment as to the questions raised. "Maryland's appellate courts have concluded that, when faced with exceptions to the [magistrate's] findings of fact, the trial court must exercise its independent judgment, 'consider the allegations[,] and decide each such question.'" *Id.* at 454 (quoting *Bagley*, 98 Md. App. at 30).

Additionally, "[t]he guiding principle of any child custody decision, whether it be an original award of custody or a modification thereof, is the protection of the welfare and best interests of the child." *Wagner v. Wagner*, 109 Md. App. 1, 29 (1996) (quoting *Shunk v. Walker*, 87 Md. App. 389, 396 (1991)). Within this comprehensive framework of authority, the appellate courts of Maryland practice a limited review of a trial court's decision concerning a custody award.

Before turning to the merits, we address an excepting party's request for transcripts of the magistrate's recommendations, as Father did here. In this case, Father requested use of an electronic copy of the magistrate's proceedings, rather than a transcript.

Under Rule 9-208(g), when asking the court to accept an electronic recording of the magistrate's hearing instead of a transcript, Father was required to file (1) an affidavit of indigency and (2) a motion asking the court to accept an electronic recording of the hearing as the transcript. The MDEC docket entries show Father's completed affidavit of indigency (with an estimated costs of the transcript), a motion to accept the electronic recording instead of a transcript, and a blank order for a judge to either direct the circuit court's Office of Digital Recording to prepare the electronic copy of the proceedings before the magistrate or direct Father to obtain and pay for a transcript of any relevant testimony within 10 days. Based on the docket entries, Father seemingly complied with Rule 9-208(g). There seems to be some confusion over whether Father had to do anything else to obtain some form of recording of the proceedings before the magistrate.[2]

---

[2] The blank order form that Father submitted, a copy of which is attached to this opinion as Exhibit 1, seems confusing and should be reviewed for clarity.

As written, the title of the document is:

"**Order Directing Digital Recording to Prepare Transcript**."

For the sake of clarity, perhaps the title should be:

**Order Directing the Office of Digital Recording to Prepare a Transcript**.

Without adding "the Office of" to the title, to someone unfamiliar with court operations, it might seem that the order is for someone to prepare *a digital recording*, rather

While the word "transcript" seems to be used generically, denoting either an electronic recording or transcript, the reason the blank order is submitted is because the movant is requesting the use of an electronic recording. The next sentence on the form seems to acknowledge this point:

> **"Upon consideration of the Motion to Accept Recording Instead of Transcript submitted by . . . ."**

Adding the word "**electronic**" before "Recording" would make the point even clearer.

Even so, the two options on the form below this statement are equally confusing, particularly if the point of the order is to address the movant's request to use an electronic recording instead of a transcript:

The first option for the judge to select states:

A. **"Meets the requirements for accepting a Transcript in lieu of Recording"**

It seems like this option should say:

A. **Meets the requirements for accepting an electronic recording instead of a transcript**.

The second option states:

B. **"Does NOT meet the requirement for accepting a Transcript in lieu of a Recording"**

Again, it seems like this option should read:

B. **Does NOT meet the requirements for accepting an electronic recording instead of a transcript**.

To be clear, we are not ordering the circuit court to do anything. We make these suggestions only to help movants like Father, who are self-represented, understand exactly what the orders are meant to do and to whom the order is directed.

6

Relevant to this discussion, Maryland Rule 9-208(g)(1) and (4) state:

> (g) Requirements for Excepting Party. At the time the exceptions are filed, the excepting party **shall do one of the following**:
> (1) order a transcript of so much of the testimony as is necessary to rule on the exceptions, make an agreement for payment to ensure preparation of the transcript, and file a certificate of compliance stating that the transcript has been ordered and the agreement has been made; **or** …
> (4) file an affidavit of indigency and motion requesting that the court accept an electronic recording of the proceedings as the transcript.

(emphasis supplied). In its written order, the court stated, "Father did not include a completed transcript order form as required by Maryland Rules." If the court is referring to the blank form that Father filed with his motion to accept an electronic copy of the hearing (attached to this opinion as Exhibit 1), then that form is designed for a judge to rule on whether the court was going to allow an electronic recording of the magistrate's hearing in lieu of a written transcript. Father should not have filled out this form.

If the court was referring to another form, we do not see where "a completed transcript order form" is required under the Rules when a party asserts they cannot pay for a written transcript of a magistrate's hearing. We understand that under Rule 9-208(g)(4), if the court denies the movant's request to use the electronic recording, then the movant has 10 days to request, obtain, and pay for as much of the transcript testimony as is necessary to address the exceptions, otherwise the court may dismiss the exceptions.[3] We

---

[3] "Within ten days after the entry of an order denying a motion under subsection (g)(4) of this Rule, the excepting party shall comply with subsection (g)(1) of this Rule. The transcript shall be filed within 30 days after compliance with subsection (g)(1) of this Rule or within such longer time, not exceeding 60 days after the exceptions are filed, as the magistrate may allow. For good cause shown, the court may shorten or extend the time for the filing of the transcript. The excepting party shall serve a copy of the transcript on the

do not read this Rule as mandating the moving party to complete "a transcript request form," as the court stated.

As a result of the foregoing, at the exceptions hearing in this case, the court had neither an electronic copy of the hearing nor a transcript of what transpired before the magistrate. It is difficult to say whether this was Father's fault or not. To the court's credit, however, rather than dismissing the exceptions, the court allowed Father to state the basis of his exceptions.

At that time, as he does in this appeal, Father disagreed with the magistrate's factual findings and assessments of credibility. The circuit court had before it the magistrate's detailed report and deferred to her fact-finding. This is entirely proper. We have said that when reviewing a magistrate's report, both the circuit court and this Court defer to the magistrate's first-level findings, like an assessment of a witness' credibility, unless they are clearly erroneous. *McAllister v. McAllister*, 218 Md. App. 386, 407 (2014). After our review of the record, we cannot say the magistrate's factual finding and assessments of the witnesses' credibility were clearly erroneous.

In its written findings and order on the exceptions, the circuit court, as it must, made an independent assessment of the evidence in light of Father's exceptions. *Id.* at 407; *Kierein*, 115 Md. App. at 453; *Leineweber v. Leineweber*, 220 Md. App. 50, 60–61 (2014). The court then submitted its own findings in an order. Considering Father's allegations of

---

other party. The court may dismiss the exceptions of a party who has not complied with this section."

8

error and the court's findings, we see no abuse of discretion in the court overruling Father's

exceptions. We, therefore, affirm.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AFFIRMED. APPELLANT TO PAY THE COSTS.**

Appendix
Circuit Court for Baltimore County
Order Directing Digital Recording to Prepare Transcript

CIRCUIT COURT FOR BALTIMORE COUNTY

401 Bosley Ave. Towson, MD 21204

Case No. ___C03FM234894___

## ORDER DIRECTING DIGITAL RECORDING TO PREPARE TRANSCRIPT

Upon consideration of the Motion to Accept Recording Instead of Transcript submitted by

_____, and any further documentation as required or authorized by

Rule 7-206 or other applicable law,

THE COURT FINDS THAT:

The party named above:

☐ Meets the requirements for accepting a Transcript in Lieu of Recording

☐ Does NOT meet the requirements for accepting a Transcript in Lieu of Recording

☐ Other findings: _____

_____

THE COURT ORDERS that the Motion is:

☐ GRANTED

☐ Denied. You have 10 days from the date of this order to request a written transcript and pay the costs. If the costs are not paid in full within 10 days, the pleading or papers filed will be considered withdrawn.

_____        _____    _____
Date                   Judge                       ID Number